PER CURIAM.
Fla.Const. Art. V, § 17A creates a Judicial Qualifications Commission and directs this Court to make rules providing for the procedure before the commission and the referees, as well as the extent to which communications shall be privileged or confidential.
To become effective upon the filing of this opinion, the following rules are approved and adopted:
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
Rule 1. SCOPE AND TITLE
These rules apply to all proceedings before the Judicial Qualifications Commission and referees involving the discipline, retirement or removal of justices of the supreme court and judges of the district courts of appeal and circuit courts, pursuant to *444 section 17A, Article V of the Constitution of the State of Florida. These rules shall be known and cited as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR.”
Rule 2. DEFINITIONS
In these rules, unless the context or subject matter otherwise requires:
(a) “Commission” means the Judicial Qualifications Commission.
(b) “Judge” means a justice of the supreme court and a judge of a district court of appeal and circuit court.
(c) “Chairman” includes the acting chairman.
(d) “Referees” means special referees appointed by the Supreme Court upon request of the Commission.
(e) “Presiding referee” means the referee so designated by the Supreme Court or, in the absence of such designation, the justice or judge first named in the order appointing referees.
(f) “Counsel” means the lawyer designated by the Commission to gather and present evidence before the referees or Commission with respect to the charges against a judge and to represent the Commission before the Supreme Court in connection with any proceedings before said court.
(g) “Shall” is mandatory and “may” is permissive.
(h) “Mail” and “mailed” include ordinary mail and personal delivery.
(i) The masculine gender includes the feminine gender.
Rule 3. QUORUM OF COMMISSION
A quorum for the transaction of business by the Commission shall be six members of the Commission except as otherwise provided in these rules.
Rule 4. INTERESTED PARTY
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving his own discipline, retirement or removal.
Rule S. DISQUALIFICATION OF MEMBERS OF COMMISSION AND REFEREES
(a) Whenever any judge against whom formal proceedings have been instituted as provided in these Rules shall make and file with the Commission an affidavit that he fears that he will not receive a fair hearing before the Judicial Qualifications Commission on the charges because of the prejudice of one or more members of the Commission against him, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any member of the Commission shall voluntarily recuse himself, such member or members of the Commission shall proceed no further therein .and shall be disqualified from hearing said charges. Every such affidavit of a judge shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the members of the Commission allegedly prejudiced, and shall be filed not more than IS days after service of the notice of formal proceedings upon the judge charged. The Commission shall make ad hoc appointments of a person or persons to take the place of the member or members of the Commission so disqualified, but each member so disqualified may participate in the action of the Commission in making such ad hoc appointments. Each ad hoc appointee shall be from the same category as the disqualified member as set forth in section 17A(2) of Article V of the Constitution of the State of Florida. The judge may within 15 days after receiving notice of any ad hoc appointment file a like affidavit as to said appointee, which shall be supported in substance by affidavit of two citizens as set forth above, in which event said ad hoc appointee shall not be disqualified on account of alleged prejudice against said judge unless said appointee admits that it is then a fact that he is prej *445 udiced against said judge, or unless a majority of the Commission, which may include any ad hoc appointee, holds that said appointee is prejudiced against the judge; in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.'
(b) Whenever a judge against whom formal proceedings have been instituted as provided in these rules shall make and file with the Commission an affidavit that he fears that he will not receive a fair hearing on said charges before the Judicial Qualifications Commission because of the prejudice against him of one or more of the referees appointed by the Supreme Court, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any referee shall voluntarily recuse himself, the Commission shall promptly forward said affidavit or notice of any recusal to the Chief Justice of the Supreme Court of Florida and the Supreme Court shall take such action thereon as may be appropriate. Every such affidavit of a judge shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the referee allegedly prejudiced, and shall be filed not more than 15 days after service upon the judge of the names of the referees appointed by the Supreme Court.
It is further provided that a judge moved against by the Commission may by affidavit suggest the disqualification of a member or members of the Commission or a referee or referees unsupported by two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the Commission unless the person sought to be disqualified voluntarily disqualifies himself.
Rule 6. CONFIDENTIALITY OF PROCEEDINGS
(a) Subject to the provisions of Rule 29, all papers and pleadings filed with and the proceedings before the Commission, or before the referees, shall be confidential until a record recommending retirement or removal is filed by the Commission in the Supreme Court. A record filed by the Commission in the Supreme Court recommending private reprimand shall remain confidential.
(b) All notices, papers and pleadings mailed to a judge pursuant to these rules shall be enclosed in a cover marked confidential.
(c) Every witness in every proceeding under these rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceeding is no longer confidential under these rules. Violation of the oath shall be an act of contempt of the Commission.
Rule 7. DEFAMATORY MATERIAL
The filing of papers with or the giving of testimony before the Commission or before the referees shall be privileged in any action for defamation. No other publication of such papers or proceedings shall be so privileged except that the record filed by the Commission in the Supreme Court continues to be privileged.
Rule 8. INVESTIGATION
(a) The Commission, upon receiving a verified statement, not obviously unfounded or frivolous, alleging facts indicating that a judge is guilty of willful or persistent failure to perform his duties or habitual intemperance or conduct unbecoming a member of the judiciary or that he has a disability seriously interfering with the performance of his duties, which is, or is likely to become, permanent in nature, shall make such investigation as it deems necessary to determine whether formal proceedings should be instituted and a hearing held. The Commission without receiving a verified statement may make such investigation on its own motion.
(b) The judge has no right to be present or to be heard during an investigation, but before the Commission determines that *446 there is sufficient cause to warrant formal proceedings, the judge shall be notified of the investigation, the nature of the charge, and the name of the person making the verified statement, if any, or that the investigation is on the Commission’s own motion, and, shall be afforded reasonable opportunity to make a statement, personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other testimony or evidence, and he shall not have the right of confrontation or cross-examination of the person making the verified statement or any person interviewed, called or interrogated by the Commission. Such notification shall be given by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(c) If the investigation does not disclose sufficient cause to warrant further proceedings, the judge shall be so notified.
(d) If the investigation does disclose sufficient cause to warrant further proceedings, the Commission shall designate one or more counsel who shall be members of The Florida Bar and who shall prepare appropriate papers and pleadings, gather and present evidence before the Commission or referees with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge including the representation of the Commission before the Supreme Court in connection with any proceedings before said court.
Rule 9. NOTICE OF FORMAL PROCEEDINGS
(a)After the investigation has been completed, if the Commission concludes that formal proceedings should be instituted it shall direct the counsel designated by the Commission without delay to give written notice to the judge advising him of the institution of formal proceedings to inquire into the charges against him. Such proceedings shall be entitled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION
Inquiry Concerning a Judge, No. -.”
(b) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and the alleged facts upon which such charges are based, and shall advise the judge of his right to file a written, answer To. the charges against him within 20 days after service of the notice upon him. No charge shall be sufficient if it merely recites the general language of a charge in Rule 8(a) but must specify the facts relied upon to support a particular charge.
(c) The notice shall be served by the personal delivery of a copy thereof to the judge, but if it appears to the chairman of the Commission upon affidavit that, after reasonable effort for a period of 10 days, personal delivery could not be made, service may be made upon the judge by registered or certified mail addressed to the judge at his chambers and at his last known residence.
Rule 10. ANSWER
Within 20 days after service of the notice of formal proceedings the judge may file with the Commission a signed original and one copy of an answer, and shall serve a copy on the counsel by mail.
Rule 11. SETTING FOR HEARING BEFORE COMMISSION OR REFEREES
Upon the filing of an answer or upon the expiration of the time for its filing, the Commission shall order a hearing to be held before it concerning the discipline, retirement or removal of the judge, or shall request the Supreme Court to appoint three special referees who shall be active or retired justices or judges of courts of record to hear and take evidence in such matter and to report thereon to the Commission. The Commission shall set a time and a place in the county in which the judge involved resides for a hearing before itself *447 or before the referees, and shall give notice of such hearing hy mail to the judge, the referees and to the counsel at least 20 days prior to the date set.
Rule 12. HEARING
(a) At the time and place set for hearing, the Commission, or the referees when the hearing is before referees, may proceed with the hearing whether or not the judge has filed an answer or appears at the hearing.
(b) The failure of the judge to answer or to appear at the hearing, standing alone, shall not be taken as evidence of the truth of the facts alleged to constitute grounds for discipline, retirement or removal. In any proceeding for involuntary retirement for disability, the failure of the judge to testify in his own behalf or to submit to a medical examination requested by the Commission or the referees may be considered, unless it appears that such failure was due to circumstances beyond his control.
(c) The proceedings at the hearing shall be reported verbatim.
(d) When the hearing is before the Commission, not less than three members shall be present when the evidence is produced.
Rule 13. EVIDENCE
At a hearing before the Commission or referees, legal evidence only shall be received, and oral evidence shall be taken only on oath or affirmation.
Rule 14. PROCEDURAL RIGHTS OF JUDGE
(a)In formal proceedings involving his discipline, retirement or removal, a judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evidentiary matter.
(b) When a transcript of the testimony has been prepared at the expense of the Commission, a copy thereof shall be furnished without cost to the judge. The judge shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings transcribed at his expense.
(c) Except as herein otherwise provided, whenever these rules provide for giving notice or sending any matter to the judge, such notice or matter shall be sent to the judge at his residence unless he requests otherwise in writing, and a copy thereof shall be mailed to his attorney of record.
(d) If the judge is adjudged insane or incompetent, the Commission shall appoint an attorney ad litem unless the judge has a guardian who will represent him. The guardian or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent, and whenever these rules provide for serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given, or sent to the guardian or attorney ad litem.
Rule 15. AMENDMENTS TO NOTICE OR ANSWER
The referees, at any time prior to the conclusion of the hearing, or the Commission, at any time prior to its determination, may allow or require amendments to the notice of formal proceedings and may allow amendments to the answer. The notice may be amended to conform to proof or to set forth additional facts, whether occurring before or after the commencement of the hearing. In case such an amendment is made, the judge shall be given reasonable time both to answer the amendment and* to prepare and present his defense against the matters charged thereby.
Rule 16. REPORT OF REFEREES
(a) After the conclusion of the hearing before the referees, they shall promptly *448 prepare and transmit to the Commission a report which shall contain a brief statement of the proceedings and their recommended findings of fact with respect to ■issties presented by the notice of formal proceedings and the answer thereto, or if there be no answer, their recommended findings of fact with respect to the allegations in the notice of formal proceedings. The recommended findings of facts by the referees shall not be binding upon the Commission even though supported by substantial competent evidence. An original and four copies of the report shall be submitted which shall be accompanied by an original and four copies of a transcript of the proceedings before the referees.
(b) Upon receiving the report of the referees, the Commission shall promptly mail a copy of the report and transcript to the judge and also to the counsel.
Rule 17. OBJECTIONS TO REPORT OF REFEREES
Within 15 days after mailing of the copy of the report of referees to the judge, the counsel or the judge may file with the Commission an original and one copy of objections to the report of referees, setting forth objections to the report and reasons in opposition to the recommended findings. A copy of objections filed by the counsel shall be sent by the counsel by mail to the judge. A copy of objections filed by the judge shall be sent by the judge by mail to the counsel.
Rule 18.- APPEARANCE BEFORE COMMISSION
If no objections to the report of referees are filed within the time provided, the Commission may adopt the recommended findings of the referees without a hearing. If such objections are filed, or if the Commission in the absence of such objections proposes to modify or reject the recommended findings of the referees, the Commission shall give the judge and the counsel an opportunity to be heard orally before the Commission, and written notice of the time and the place of the hearing in the county in which the judge resides shall be mailed to the judge and to the counsel at least 10 days prior thereto.
Rule 19. EXTENSION OF TIME
The chairman of the Commission may extend the time for filing an answer, for the commencement of a hearing before the Commission, and for filing objections to the report of the referees, and the presiding referee with the approval of the chairman of the Commission may extend the time for the commencement of a hearing before referees.
Rule 20. HEARING ADDITIONAL EVIDENCE
(a) The Commission may order a hearing for the taking of additional evidence at any time while the matter is pending before it. The order shall set the time and the place of the hearing in the county in which the judge resides and shall indicate the matters on which the evidence is to be taken. A copy of such order shall be sent by mail to the judge and to the counsel at least 10 days prior to the date of hearing.
(b) In any case in which referees have been appointed, the hearing of additional evidence shall be before such referees, and the proceedings therein shall be in conformance with the provisions of rules 12 and 19 inclusive.
Rule 21. COMMISSION VOTE
If the Commission finds good cause, it shall recommend to the Supreme Court the discipline, retirement or removal of the judge. When the hearing was held before referees the affirmative vote of six members of the Commission is required for a recommendation of discipline, retirement or removal of a judge. When the hearing was held before the Commission without referees the affirmative vote of six members of the Commission, including a majority of those who were present at the hear *449 ing or hearings when the evidence was produced, is required for a recommendation of discipline, retirement or removal of a judge.
Rule 22. RECORD OF COMMISSION PROCEEDINGS
The Commission shall keep a record of all formal proceedings concerning a judge. The Commission’s determination shall be entered in the record and notice thereof shall be mailed to the judge and to the counsel. In all formal proceedings resulting in a recommendation to the Supreme Court for discipline, retirement or removal, the Commission shall prepare a transcript of the evidence and of all proceedings therein and shall make written findings of fact and conclusions of law with respect to the issues of fact and law in the proceedings.
Rule 23. CERTIFICATION OF COMMISSION RECOMMENDATION TO SUPREME COURT
Upon making a determination recommending the discipline, retirement or removal of a judge, the Commission shall promptly file a copy of the recommendation certified by the chairman or secretary of the Commission, together with the transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to the counsel notice of such filing, together with a copy of such recommendation, findings, and conclusions.
Rule 24. REVIEW OF COMMISSION PROCEEDINGS
(a)A petition to the Supreme Court to modify or reject the recommendation of the Commission for discipline, retirement or removal of a judge may be filed by the judge within 30 days after the filing with the clerk of the Supreme Court of the certified copy of the Commission’s recommendation. The petition shall be verified, shall be based on the record, shall specify the grounds relied on and shall be accompanied by petitioner’s brief together with proof of service on the Commission of two copies, and on the counsel of one copy, of the petition and the brief. Within 20 days after service of petitioner’s brief the Commission shall file a respondent’s brief and serve a copy thereof on the judge. Within 20 days after service of respondent’s brief the petitioner may file a reply brief, two copies of which shall be served on the Commission and one copy shall be served on the counsel.
(b) Failure to file a petition within the time provided shall be deemed a consent to the determination on the merits based upon the record filed by the Commission.
(c) To the extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to reviews by the Supreme Court of Commission proceedings.
Rule 25. JURISDICTION AND POWERS
The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses and to order the production of books, records or other documentary evidence. Any member of the Commission and any referee shall have the power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the Commission.
Rule 26. SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Referees. Subpoenas for the attendance of witnesses and production of documentary evidence before referees, or for discovery in a proceeding before referees, shall be issued by any one of the referees appointed to hear the matter and shall be served in the manner provided by law for the service of process.
*450 (b) Judicial Qualifications Commission. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Commission, or for discovery in a proceeding where referees have not been appointed, shall be issued by the chairman of the Commission and shall be served in the manner provided by law for the service of process.
(c) Confidential Proceedings. A subpoena shall not name the judge against whom charges are pending, but shall style the proceeding as set out in Rule 9 (a).
(d) Contempt. Any person who without adequate excuse fails to obey such a subpoena served upon him may be cited for contempt of the Commission in the manner provided in these rules.
Rule 27. CONTEMPT
If the Commission or the referee shall find that a person is in contempt under these rules, such persons shall be cited for contempt in the following manner:
(a) Petition for rule to show cause. The Commission or the referees shall direct the counsel, or the chairman of the Commission or the presiding referee if there is no counsel serving in the matter in which the contempt occurs, to present to the circuit court having jurisdiction a petition for the issuance of a rule to show cause why the person so accused should not be held in contempt of the Commission.
(b) Confidentiality. Confidentiality shall be preserved in the contempt proceeding by styling all pleadings as set out in Rule 9(a). No pleading or matters shall be filed with the clerk of the circuit court but instead all such matters shall be presented to the circuit judge hearing the same and shall be returned to the Commission or the referees upon completion of the contempt proceedings and then promptly filed with the Commission. Docket entries and sentences or judgments in contempt proceedings, if entered in the office of the clerk of the circuit court, shall be styled as provided for pleadings and shall make no references to the judge. If the name of the judge shall become of public record, the court having jurisdiction in the contempt proceeding shall take appropriate steps to preserve the confidentiality of the inquiry proceedings concerning the judge, and shall consider whether or not the person responsible for the making of the name of the judge of public record is also guilty of contempt under these Rules.
(c)Appellate review. A judgment in such contempt proceedings may'be appealed by either party. The petition for review shall be filed with the Supreme Court within 30 days after entry of judgment to be reviewed. The record shall consist of all pleadings, papers, docket entries, sentences, orders and judgments in the contempt proceeding and all of same shall be forwarded to the Supreme Court by the Commission and by the clerk of the circuit court within 15 days after the filing with the Commission and with such clerk of a copy of the petition for review. The petition for review. shall be accompanied by petitioner’s brief together with proof of service of a copy of such brief on the opposing party and also on the Commission. Within 20 days after service of petitioner’s brief the opposing party shall file a respondent’s brief and serve a copy thereof on the petitioner and also on the Commission. To the extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to reviews by the Supreme Court of contempt proceedings.
Rule 28. FILING
All papers and pleadings filed with the chairman of the Commission at his office shall be considered filed with the Commission.
Rule 29. PRE-TRIAL PROCEDURE AND HEARINGS
(a) In all formal proceedings discovery shall be available to the Commission and *451 to the judge in accordance with the Florida Rules of Civil Procedure.
(b)In all formal proceedings before the Commission or referees, the Counsel shall furnish to the judge not less than 20 days prior to any hearing the following:
1. The names and addresses of all witnesses whose testimony the Counsel expects to offer at the hearing together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the Counsel or the Commission which are relevant to the subject matter of the hearing and which have not previously been furnished the judge.
2. Copies of all documentary evidence which the Counsel expects to offer in evidence at the hearing.
The testimony of any witness whose name and address, and a copy of whose written statement or transcribed testimony, has not been so furnished to the judge, and documentary evidence, copies of which have not been so furnished to the judge, as provided above, shall not be admissible in evidence at said hearing over the objection of the judge. After formal proceedings have been instituted, the judge may request in writing that the Counsel furnish to the judge the names and addresses of all witnesses then or thereafter known to the Counsel who have information which may be relevant to any charge against the judge and to any defense of the judge with respect thereto, and also furnish copies of such written statements, transcripts of testimony and documentary evidence as are then or thereafter known to the Counsel and are then or thereafter in the possession of the Counsel or the Commission which are relevant to any such charge or defense and which have not previously been furnished the judge. The Counsel shall comply with such request within 10 days after receipt of such request and thereafter within 10 days after any such information or evidence shall become known to the Counsel.
(c) During the course of an investigation by the Commission, the judge whose conduct is being investigated can demand in writing that the Commission either institute formal proceedings against him or enter a formal finding that there is not probable cause to believe that he is guilty of any misconduct and the Commission shall within 60 days after such demand comply therewith. A copy of such demand shall be filed in the Supreme Court and shall be a matter of public record. If, after such demand, the Commission finds that there is not probable cause, such finding shall be filed in the Supreme Court of Florida and be a matter of public record.
(d) After formal proceedings have been instituted against a judge, upon demand in writing by him, all papers and pleadings in such proceedings, and all hearings before the Commission and the referees, shall be open to the public.
Rule 30. OFFICERS OF COMMISSION
The Commission shall elect a Chairman and a Vice-Chairman, each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman.
Rule 31. EXCLUSION
Nothing in these rules nor in the procedure herein established shall be construed to authorize any encroachment upon or impairment of any rights of a judge or widow of a judge, now or hereafter existing under any constitutional or statutory retirement program.
It is so ordered.
CALDWELL, C. J„ and THOMAS, ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.